IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| S. MOLI NGATUVAI,<br><br>          Plaintiff,<br><br><br>          vs.<br><br><br>UTAH COMMUNITY CREDIT UNION, et al.,<br><br>          Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE<br><br><br><br><br>Case No. 2:09-CV-1016 TS |

Plaintiff brings a § 1983 claim against defendant Utah Community Credit Union and two of its employees because he alleges (1) he was denied an overdraft and (2) it has no "black or brown persons" working at its branch offices.  Defendant does not allege that he was employed at the Credit Union or ever sought employment there.

Plaintiff is proceeding pro se and in forma pauperis.  Pursuant to 28 U.S.C. § 1915(e)(2), when a plaintiff is proceeding in forma pauperis "the court shall dismiss the case at any if the court determines that—the action . . . is frivolous" or "fails to state a claim

on which relief may be granted."[1]   The Tenth Circuit Court of Appeals explained the standard to be used to review in forma pauperis complaints in *Kay v. Bemis*:[2]

> "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[3]

> We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. . . . In the Rule 12(b)(6) context, "[w]e look for plausibility in th[e] complaint."  In particular, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."[4]

The Court finds the nature of the factual issues raised in the claim are not difficult. Plaintiff has stated the facts and the background.  The facts are not complex.  A claim against a bank that it allegedly treated its customer unfairly does not raise complex legal issues.  Thus, it appears Plaintiff is able to present his claims.

The Court next reviews the Complaint under § 1915(e)(2)(B)(ii).  This civil rights Complaint is brought under 42 U.S.C. § 1983.  "Plaintiffs alleging a violation of § 1983 must

---

[1]28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

[2]500 F.3d 1214 (10th Cir. 2007).

[3]*Id*. at 1217-18 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) and *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

[4]*Id*. (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 and n.2 (10th Cir. 2007) and *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

demonstrate they have been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived them of this right acting under color of law."[5]

> This statute provides a private cause of action against "[e]very person who, under color of any statute . . . of *any* State or Territory or the District of Columbia . . . subjects or causes to be subjected any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  As the text itself makes clear, this statute imposes liability only for actions taken under state law.[6]

The following two-part test is used to determine whether the conduct was under the color of state law:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible . . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state.[7]

Construing the Complaint liberally, it does not allege a cause of action upon which relief can be granted.  Assuming all of Plaintiff's factual allegations to be true, he does not allege any facts showing (1) any deprivation of a federal right or (2) that the Bank or its employees acted under color of state law.  Having carefully reviewed Plaintiff's factual allegations, the Court finds that they do not allege any act that would constitute a

---

[5]*Jenkins v. Currier*, 514 F.3d 1030, 1033 (10th Cir. 2008).

[6]*Smith v. Kitchen*, 1997 WL 768297, at *2 (10th Cir. Dec. 12, 1997) (unpublished opinion) (quoting § 1983, emphasis in original).

[7]*Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

deprivation of a civil right.  Further, Plaintiff acknowledges that the Credit Union and its employees were not acting under color of state law.[8]  Thus, the Complaint fails to state a claim under § 1983.

A *pro se* plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."[9]  While "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings,"[10] the Court should dismiss the claim where it is obvious that he cannot prevail on the facts he has alleged, and "it would be futile to give him an opportunity to amend."[11]

Because Plaintiff acknowledges that the defendant Credit Union was not operating under color of state law and also does not allege any violation of a federally protected right, the Court finds Plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.  It is therefore

ORDERED that Plaintiff's Motion for Official Service of Process (Docket No. 4) is DENIED AS MOOT.  It is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Complaint is DISMISSED for the failure to state a claim.

---

[8]Complaint, at 2 (answering "no" to preprinted question "was the defendant acting under the authority or color of state law at the time these claims occurred").

[9]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10]*Id.* at 1110 n. 3.

[11]*Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

The clerk of court is directed to close this case.

DATED   January 12, 2010.

BY THE COURT:

_____

TED STEWART
United States District Judge